UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **GREGORY KEITH PREYER,**<br><br>Plaintiff,<br><br>v.<br><br>**AGNELLO INVESTIGATIONS,**<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Gregory Keith Preyer ("Plaintiff" or "Mr. Preyer"), by and through his attorneys, brings the following Complaint against Agnello Investigations AKA Joe Agnello Private Investigator ("Defendant" or "Agnello Investigations") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq., arising out of an employment background check report that erroneously portrayed Mr. Preyer as a felon and serial criminal with pending charges against him.

## THE PARTIES

1. Plaintiff Gregory Keith Preyer is an individual person residing in the City of Stratford, County of Fairfield, and State of Connecticut.

2. Defendant Agnello Investigations is a corporation doing business primarily in Connecticut. Defendant Agnello Investigations' principal place of business is located at 145 Leonard Drive, Groton, CT 06340.

3. Defendant Agnello Investigations is a consumer reporting agency as defined at 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in

1

the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for employment purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE FCRA'S PROTECTIONS FOR JOB APPLICANTS

6. Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it also regulates employment background checks like the one Defendant prepared in Plaintiff's name.

7. The FCRA provides a number of protections for job applicants who are subjected to background checks.

8. In the parlance of the FCRA, background checks are "consumer reports," and providers of background checks, like Agnello Investigations, are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

9. The FCRA also imposes duties on consumer reporting agencies to ensure that consumer reports are accurate and that "consumer reporting agencies

exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

10. Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

## FACTS

### Defendant Publishes an Inaccurate Employment Background Check to Plaintiff's Employer

11. On or about February 18, 2019, Mr. Preyer had an in-person interview at Charter Oak Building Maintenance, Inc. ("Charter Oak") in Fairfield, Connecticut, and was offered a full-time position of employment subject to the successful completion of a background check.

12. Shortly thereafter, but before his background check was completed, Mr. Preyer began his employment with Charter Oak and was employed for approximately two-weeks.

13. Charter Oak contracted with Agnello Investigations to conduct background checks, including criminal background checks, on all prospective employees it was attempting to place in the job market.

14. In or about March 2019, Charter Oak ordered a criminal background check on Mr. Preyer from Agnello Investigations.

15. On or about March 8, 2019, in accordance with its standard procedures, Agnello Investigations completed Mr. Preyer's background check ("employment report") and delivered a copy to Charter Oak.

3

16. Agnello Investigations' employment report on Mr. Preyer contained five pages of information, including two grossly inaccurate and stigmatizing criminal convictions, including a felony and a misdemeanor.

17. The employment report listed the following felony and misdemeanor criminal convictions from Fairfield County, Connecticut, which appeared in the employment report as follows:

**CRIME DETAILS**

**11/29/1995 - ROBBERY 2ND DEG**

Source State: CT
Crime County: FAIRFIELD
Offense Code: 53A-135
Arrest Date: 02/29/1996
Court: STAMFORD

Court Costs: 000
Case Type: FELONY C
Crime Type: FELONY
Counts: 001
Offense Description1: ROBBERY 2ND DEG
Disposition: SENTENCE WAS MODIFIED
Case Number: S01SCR960113176S
Probation: 0003
Sentence: 0003
Disposition Date: 08/16/1996
Classification: C
Degree of Offense: F

**11/29/1995 - ROBBERY, THIRD DEGREE**

```
Source State: CT
Offense Code: 53A136
Offense Description1: ROBBERY, THIRD DEGREE
Disposition: SENTENCED
Case Number: 00129538
Sentence: 003Y00M000D
Disposition Date: 08/16/1996
```

**Pending Case**

```
Information is accurate as of March 08, 2019 04:50 AM
Last, First: PREYER GREGORY KEITH         Represented By:
Birth Year: 1986  Times on the Docket: 10
Docket Information
Docket No: S20N-MV16-0471733-S Arresting Agency: LOCAL POLICE WILTON
Companion:
Program:                  Arrest Date: 12/25/2016
Court:   Norwalk GA 20    Bond Amount:   $0 (This case only)
Bond Type: Promise to Appear
Miscellaneous:                         (Released From Custody)
Activity: Rearrest Ordered Re-Arrest Ordered: 8/22/2017
```

**Current Charges**

```
Statute     Description         Class   Type   Occ   Offense Date   Plea   Verdict Finding
14-147(c)      IMPROPER USE-MARKER/LIC/RGSTR                         1         12/25/2016

14-213b ILL OPN MV WO MINIMUM INSURNCE                               1         12/25/2016
14-12(a)*      OPERATE/PARKS UNREGISTRD MV                           1         12/25/2016
14-36(c)(2)+   OP MV WO PROPER INSTRUCTOR                            1         12/25/2016
```

**18.** Agnello Investigations' reporting was inaccurate. The aforementioned felony robbery criminal convictions and list of pending charges should not have been included in Mr. Preyer's employment report.

**19.** Approximately five minutes on the internet is all that is needed to pinpoint the flaw in Agnello Investigations' reporting: Agnello Investigations failed to consult current public record in Fairfield County, Connecticut, which confirms that Mr. Preyer is not a convicted felon and does not have any charges pending against him.

20. In fact, public record confirms that on April 27, 2017, a Pardons Panel of the Board of Pardons and Paroles granted Mr. Preyer a Full Pardon for the robbery offenses, thereby allowing him to legally and truthfully say that he had never been convicted of a crime in the State of Connecticut.

21. Records like Mr. Preyer's are pardoned for good reason, and it is not accurate to report offenses as though they have not been pardoned when, in fact, public record confirms they have.

22. Furthermore, as for the pending charges reported, Agnello Investigations' employment report clearly indicates that the pending charges belong to an unrelated consumer, also named Gregory Preyer, who was born in 1986. At the time the pending charges were reported as belonging to Plaintiff, Agnello Investigations was on notice that Plaintiff, Gregory Keith Preyer, was born in 1964, not 1986.

23. The state of Connecticut's Judicial Branch houses widely available public records, which confirm that the above-referenced pending charges belong to unrelated consumer Gregory Preyer with a birth year of 1986.

24. Had Defendant even performed a cursory review of the widely available underlying public court records prior to providing the employment report to Charter Oak, which reasonable procedures require, it would have uncovered the discrepancies between unrelated consumer Gregory Preyer and Plaintiff.

25. The sole reason the inaccurate felony convictions were reported as belonging to Plaintiff was that Agnello Investigations failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained

within Plaintiff's employment report. Had Agnello Investigations followed reasonable procedures, it would have discovered that Plaintiff received a full pardon of the felony convictions and, consequentially, they were no longer a part of the public record.

26. These facts demonstrate that Agnello Investigations failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained within Plaintiff's employment report, in violation of the FCRA, 15 U.S.C. § 1681e(b).

27. Shortly after Agnello Investigations provided the inaccurate employment report to Charter Oak, Plaintiff was told not to report to work until further notice.

28. After a day or two had passed and Plaintiff had not heard anything from his employer, he called Maria Scovill ("Ms. Scovill"), Office Manager at Charter Oak, for an update. Ms. Scovill informed Mr. Preyer that Charter Oak was looking into some serious crimes that were reported on his employment report.

29. Upon receiving this information from Ms. Scovill but having not yet been provided with a copy of the employment report, Plaintiff assumed the issue was related to old offenses that a Pardons Panel of the Board of Pardons and Paroles granted him a Full Pardon for on April 27, 2017. In an effort to be proactive and try to save his employment, Plaintiff sent Ms. Scovill a copy of his Certificate of Pardon, which is public record, hoping that would resolve the matter.

30. In or about the week of March 11, 2019, Plaintiff called Ms. Scovill again to follow-up on the issue regarding his employment report and to check if

she had any idea when he would be cleared to return to work. Ms. Scovill transferred Plaintiff to Bruce Dumas, the Director of Operations. Mr. Dumas informed Plaintiff that his position was filled, and that Charter Oak was terminating his employment effective immediately.

31. Plaintiff was shocked that he was being terminated without the opportunity to review and properly dispute the contents of his employment report. Plaintiff was never provided notice who prepared the employment report and therefore was never provided an opportunity to formally dispute the contents of the report, so he was forced to look for employment elsewhere.

32. After much time and effort, Plaintiff was finally able to obtain a copy of his employment report. Not only was Plaintiff extremely upset to see old offenses that had been fully pardoned in April 2017 on the employment report, but he was confused and upset to discovery that Agnello Investigations was also reporting the pending charges belonging to unrelated consumer Gregory Preyer.

33. Plaintiff was embarrassed and humiliated by Agnello Investigations' inaccurate employment report, which resulted in the termination of his employment.

34. As a result of Agnello Investigations' violations of the FCRA, Plaintiff has suffered actual damages, including lost wages and employment benefits; the expenditure of time and money trying to correct Agnello Investigations' erroneous employment report; damage to his reputation; loss of sleep; and emotional distress, including mental anguish, frustration, humiliation, embarrassment, and other losses that are continuing in nature.

## **CLAIMS FOR RELIEF**

### **COUNT I**
### **15 U.S.C. § 1681e(b)**
### **Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

35. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-34, above.

36. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

37. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

38. At all times pertinent hereto, the above-mentioned employment report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

39. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of Plaintiff's employment report and the files it published and maintained.

40. As a result of Defendant's violations of 15 U.S.C. § 1681e(b), Plaintiff has suffered actual damages including but not limited to, lost wages and employment benefits; the expenditure of time and money trying to correct Defendant's erroneous employment reports; damage to his reputation; loss of sleep; and emotional distress, including mental anguish, frustration, humiliation, embarrassment, and other losses that are continuing in nature.

41. **Defendant willfully violated 15 U.S.C. § 1681e(b) in that its actions were in reckless disregard of the requirements of this provision. Thus, Defendant is liable for punitive damages pursuant to 15 U.S.C. § 1681n.**

42. **In the alternative, Defendant negligently violated 15 U.S.C. § 1681e(b), which entitles Plaintiff to a recovery under 15 U.S.C. § 1681o.**

43. **Pursuant to 15 U.S.C. § 1681o and § 1681n, Plaintiff is entitled to actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.**

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for relief as follows:**

a) **Determining that Defendant negligently and/or willfully violated the FCRA;**

b) **Awarding actual damages, statutory damages, and punitive damages as provided by the FCRA;**

c) **Awarding reasonable attorneys' fees and costs as provided by the FCRA; and**

d) **Granting further relief, in law or equity, as this Court may deem appropriate and just.**

## DEMAND FOR JURY TRIAL

44. **Plaintiff demands a trial by jury.**

Dated: March 8, 2021

**/s/ Eric L. Foster**
**Eric L. Foster, CT Bar No. 29740**
**ERIC LINDH FOSTER LAW, LLC**
**48 Main Street, Suite B**
**Old Saybrook, CT 06475**
**Telephone: (203) 533-4321**
**Fax: (203) 738-1024**
**efoster@lindhfoster.com**

**/s/ Hans W. Lodge**
**Hans W. Lodge, MN Bar No. 397012**
**BERGER MONTAGUE, PC**
**43 SE Main Street, Suite 505**
**Minneapolis, MN 55414**
**Telephone: (612) 607-7794**
**Fax: (612) 584-4470**
**hlodge@bm.net**
**PRO HAC VICE - PENDING**

**ATTORNEYS FOR PLAINTIFF**